Ivan R. Novich (N.J. Bar No. 038311996)
Jonathan M. Carrillo (N.J. Bar No. 032272012)
**LITTLER MENDELSON, P.C.**
One Newark Center, 8th Floor
Newark, NJ 07102
973.848.4700
*Attorneys for Defendants*
*SelectQuote Insurance Services, Inc.,*
*SelectQuote Auto & Home Insurance*
*Services, LLC, and SelectQuote, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GIOVANNI LEPORE, <br><br> Plaintiff, <br><br> vs. <br><br> SELECTQUOTE INSURANCE SERVICES, INC., SELECTQUOTE AUTO & HOME INSURANCE SERVICES, LLC, and SELECTQUOTE, INC., <br> Defendants. | Civil Action No. 2:22-cv-1753 <br><br> **NOTICE OF REMOVAL** <br><br> <u>**Electronically Filed**</u> |

TO:    **THE CLERK AND THE HONORABLE JUDGES**
        **OF THE UNITED STATES DISTRICT COURT**
        **FOR THE DISTRICT OF NEW JERSEY**

Defendants SelectQuote Insurance Services, Inc., SelectQuote Auto & Home Insurance

Services, LLC, and SelectQuote, Inc. (collectively "Defendants") file this Notice of Removal of

the above-captioned action to the United States District Court for the District of New Jersey, from

the New Jersey Superior Court, Law Division, Morris County, where the action is now pending,

as provided by Title 28, United States Code, Chapter 89 and in support thereof allege:

## INTRODUCTION

1.     Plaintiff Giovanni Lepore ("Plaintiff") commenced this action on or about February 18, 2022 by filing a Complaint in the Superior Court of New Jersey, Law Division, Morris County, captioned *Giovanni Lepore v. SelectQuote Insurance Services, Inc., SelectQuote Auto & Home Insurance Services, LLC, and SelectQuote, Inc.,* bearing Docket No. MRS-L-000313-22 (the "State Court Action").  The State Court Action is now pending in that court.

2.     Defendants were served with the Summons and Complaint on or about February 28, 2022.

3.     Collectively attached and incorporated as **Exhibit A** is a copy of all process, pleadings and orders served upon Defendants in the State Court Action, pursuant to 28 U.S.C. § 1446(a).

## TIMELINESS OF REMOVAL

4.     This Notice of Removal is timely filed within 30 days of February 28, 2022, as required by 28 U.S.C. § 1446(b)(3) ("notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of . . . other paper from which it may first be ascertained that the case is one which is or has become removable").

5.     This notice of removal is also filed within one year of the commencement of the State Court Action and therefore is timely under 28 U.S.C. § 1446(c)(l).

6.     The State Court Action is between citizens of different states and is a civil action over which the district courts of the United States have original jurisdiction by virtue of diversity jurisdiction granted by 28 U.S.C. § 1332.

## DIVERSITY JURISDICTION

7.     The United States District Court for the District of New Jersey has diversity jurisdiction in this case based on 28 U.S.C. § 1332.  Diversity jurisdiction exists when the amount

in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states. *Id.* at § 1332 (a)(1). As explained below, both of these requirements have been met.

### A.    Citizens of Different States

8.    Plaintiff is an individual and a citizen and resident of Madison, New Jersey. (**Exhibit A**, **Complaint, ¶ 1**). *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("Where one lives is *prima facie* evidence of domicile.").

9.    Defendant SelectQuote Insurance Services, Inc. is a corporation incorporated in California and maintains its principal place of business in Overland Park, Kansas. (**Exhibit B,** corporation summary from the Kansas Secretary of State website for SelectQuote Insurance Services, Inc.; **Exhibit E**, Declaration of Deanne Gash ("Gash Decl."), at ¶ 3.)

10.    Defendant SelectQuote, Inc., is a corporation incorporated in Delaware and maintains its principal place of business in Overland Park, Kansas. (**Exhibit C,** corporation summary from the Kansas Secretary of State website for SelectQuote, Inc.; **Exhibit E**, Gash Decl., at ¶ 4.)

11.    Defendant SelectQuote Auto & Home Insurance Services, LLC is a limited liability company organized in Delaware, registered in Kansas and maintains its principal place of business in Overland Park, Kansas. (**Exhibit D**; **Exhibit E**, Gash Decl., at ¶ 5.)

12.    Unlike corporations, a limited liability company's principal place of business is "legally irrelevant," and citizenship is based on the citizenship of each of its members. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("[T]he citizenship of an LLC is determined by the citizenship of its members' . . . The state of organization and the principal place of business of an unincorporated association are legally irrelevant."); *Sync Labs LLC v. Fusion*

*Mfg.*, Civ. No. 11-3671, 2017 WL 2577543, at *1 (D.N.J. June 13, 2017) ("a Limited Liability Corporation is considered a citizen of the state of each of its members."). "A non-corporate business entity is deemed to be a citizen of every state in which an entity-owner is a citizen." *Hessert Construction NJ, LLC v. Garrison Architects, PC*, 2007 WL 2066355, at *2 (D.N.J. July 13, 2007) (internal citations omitted).

13.     At the time of the filing of the Complaint and this removal, Defendant SelectQuote Auto & Home Insurance Services, LLC's sole member is SelectQuote, Inc. (**Exhibit E**, Gash Decl., at ¶ 5.)

14.     As set forth above, Defendant SelectQuote, Inc., is a corporation incorporated in Delaware and maintains its principal place of business in Overland Park, Kansas.

15.     Thus, SelectQuote Auto & Home Insurance Services, LLC is not a citizen of New Jersey, but rather, is a citizen of Delaware and Kansas for purposes of 28 U.S.C. § 1332. *See, e.g., Lincoln Ben. Life Co.*, *supra*, at 105.

16.     Accordingly, complete diversity exists now and at the time the State Court Action was filed because Plaintiff and all Defendants are citizens of different states.

**B.     <u>Amount in Controversy Met</u>[1]**

17.     The matter in controversy in the State Court Action exceeds the sum or value of $75,000, *see* 28 U.S.C. § 1332(a), computed on the following basis:

(a)     The Complaint filed by Plaintiff alleges violation of the New Jersey Law Against Discrimination ("NJLAD"). Plaintiff demands judgment for compensatory damages,

---

[1]   Defendants do not concede that Plaintiff's allegations are true or that his claims have any merit. Defendants provide the following only to demonstrate that the amount in controversy, based on the demand and relief sought by Plaintiff, taken as a whole far exceeds the $75,000 jurisdictional requirement. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a) and 1441(a).

liquidated damages, punitive damages, attorneys' fees, costs of suit, pre-and post-judgment interest, back pay, front pay, pain and suffering, physical manifestations of emotional distress, emotional distress, and any other relief the Court deems equitable and just.  (**Exhibit A**, **Complaint, pp. 4-6**).

        (b)    According to a reasonable reading of the Complaint, the amount in controversy is in excess of $75,000.  *See Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3rd Cir. 1993) (where plaintiff does not set a limit for damages, the Court should make a reasonable reading of the value of the claim that plaintiff has asserted and come to an independent valuation of the amount plaintiff has claimed).

        (c)    Plaintiff also seeks punitive damages.  "The Court must consider the plaintiffs' demand for punitive damages when calculating the amount in controversy, and can aggregate these damages with the requested compensatory damages." *Goralski v. Shared Techs., Inc.*, 2009 U.S. Dist. LEXIS 69042, *15-16 (D.N.J. Aug. 7, 2009) (*citing Golden v. Golden,* 382 F.3d 348, 355 (3d. Cir. 2004)) (noting that jurisdictional amount in controversy may be satisfied on the basis that the complaint seeks punitive damages).

        (d)    To the extent Plaintiff seeks damages for alleged emotional harm, which are recoverable under applicable law, these types of damages can also add significantly to the amount in controversy.  *Angus v. Shiley, Inc.*, 989 F.2d 142 (3d Cir. 1993) (recognizing that claims for damages for emotional distress should be included in determining whether the jurisdictional amount is met).  Courts have routinely upheld "garden variety" awards for emotional distress damages in excess of $75,000. *See, e.g., Quinlan v. Curtiss-Wright Corp.*, 425 N.J. Super. 335 (App. Div. 2012) (in sex discrimination case for failure to promote and retaliation, court upheld "garden variety" damages award of $405,000); *Klawitter v. City of Trenton*, 395 N.J. Super. 302

(App. Div. 2007) (in race discrimination case, court upheld a "garden variety" damages award of $79,000).

(e)    Moreover, the NJLAD provides for the recovery of attorneys' fees to the prevailing party, N.J.S.A.§ 10:5-27.1, and thus, such fees should be calculated as part of the amount in controversy requirement.  Attorneys' fees are a "necessary part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action [asserted]." *See Goralski, supra*, at *16-17 (citation omitted).

18.    Aggregating these amounts, as is appropriate for evaluating removal based on diversity jurisdiction, the amount in controversy exceeds the jurisdictional minimum of $75,000.00. *See Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (aggregating punitive damages and attorney's fees when calculating amount in controversy); *see also Raspa v. Home Depot*, 533 F.Supp.2d 514, 522 (D.N.J. 2007) (noting that even on its own, "a request for punitive damages will generally satisfy the amount in controversy requirement[.]").

19.    Accordingly, this Court possesses original jurisdiction over this action under 28 U.S.C. § 1331 (a), which provides for original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

**VENUE**

20.    This Notice of Removal is being filed in the United States District Court for the District of New Jersey, the district court of the United States for the district and division within which the State Court Action is pending, as required by 28 U.S.C. §§ 1441(a) and 1446(a).

21.    The Notice of Removal is being filed in the United States District Court for the District of New Jersey within 30 days of the date upon which Defendants were served with the

Summons and Complaint, as required by 28 U.S.C. § 1446(b).  Upon filing of the Notice of Removal, Defendants gave written notice thereof to the Clerk, Superior Court of New Jersey, Law Division, Morris County, under 28 U.S.C. §1446(d).  Attached and incorporated as **Exhibit F** is a copy of the Notice of Filing of Notice of Removal, the original of which is being filed with the New Jersey Superior Court Clerk, Law Division, Morris County.

## NOTICE TO PLAINTIFF

22.     Upon filing of the Notice of Removal, Defendants also gave written notice thereof to Plaintiff's counsel, Thomas A. McKinney, Esq., Castronovo & McKinney, LLC, 71 Maple Avenue, Morristown, NJ 07960, pursuant to 28 U.S.C. § 1446(a) and § 1446(d).  Attached hereto as **Exhibit G** is a copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which is being served on Plaintiff's counsel.

23.     By filing the Notice of Removal, Defendants do not waive any objections they may have as to service, jurisdiction, or venue, or any other defenses available to it at law, in equity or otherwise.  Defendants intend no admission of fact or law by this Notice and expressly reserve all defenses and motions.

24.     If the Court should be inclined to remand this action, Defendants request that the Court issue an Order to Show Cause why the case should not be remanded, providing Defendants an opportunity to present briefing and argument prior to any possible review.  Because a remand order is not subject to appellate review, such a procedure is appropriate.

25.     As required by 28 U.S.C. § 1446(a), this Notice of Removal is signed under Rule 11 of the Federal Rules of Civil Procedure.

## RELIEF REQUESTED

26.    Defendants request that the United States District Court for the District of New Jersey assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

**WHEREFORE**, Defendants respectfully request that the foregoing action be removed from the Superior Court of New Jersey, Law Division, Morris County, to the United States District Court for the District of New Jersey.

**LITTLER MENDELSON, P.C.**

By:    /s/ *Ivan R. Novich*
        Ivan R. Novich
        Jonathan M. Carrillo
        *Attorneys for Defendants*
        *SelectQuote Insurance Services,*
        *Inc., SelectQuote Auto & Home*
        *Insurance Services, LLC, and*
        *SelectQuote, Inc.*

Dated: March 29, 2022

4883-2629-0709.1 / 082037-1049

# EXHIBIT A

Thomas A. McKinney, Esq. (Attorney ID 022202003)
CASTRONOVO & McKINNEY, LLC
71 Maple Avenue
Morristown, NJ 07960
(973) 920-7888
Attorneys for Plaintiff
Giovanni Lepore

|  |  |
|---|---|
| GIOVANNI LEPORE,<br><br>                                    Plaintiff,<br><br>v.<br><br>SELECTQUOTE INSURANCE SERVICES, INC., SELECTQUOTE AUTO & HOME INSURANCE SERVICES, LLC, and SELECTQUOTE, INC.,<br><br>                                    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – MORRIS COUNTY<br><br>DOCKET NO.:<br><br>                    Civil Action<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Giovanni Lepore ("Plaintiff"), through his attorneys, Castronovo & McKinney, LLC, files this Complaint and Jury Demand seeking compensatory damages, punitive damages, attorneys' fees, and costs of suit from Defendants SelectQuote Insurance Services, SelectQuote, Inc., and SelectQuote Auto & Home Insurance Services, LLC (collectively "SelectQuote") and alleges as follows:

## **FACTS**

**A.     Jurisdiction and Venue**

1.      Plaintiff resides in Madison, New Jersey.

2.      Defendant SelectQuote is a for-profit company doing business in New Jersey with a principal address of 6800 W. 115th Street, Suite 2511, Overland Park, KS 66211.

**B.      Plaintiff's Employment, Discrimination and Termination**

3.      Plaintiff began working for Defendant SelectQuote as an insurance agent on or about September 7, 2021 working from home in New Jersey.

4.      On September 24, 2021, Plaintiff began experiencing chest pains.

5.      Plaintiff informed his supervisor, Mark Morrissey, that he did not feel well and was having chest pains.

6.      An ambulance was called, and Plaintiff was brought to the emergency room.

7.      Plaintiff emailed Mr. Morrissey on September 24, 2021, "I knew something was wrong.  I'm being admitted to hospital."

8.      Mr. Morrissey responded acknowledging the situation and told Plaintiff by email to communicate with Brent Elrod, who was copied, and who was going to "be taking over the class on Monday.  Please just continue to communicate with us on this."

9.      Plaintiff emailed Mr. Elrod but did not receive a response.

10.     Plaintiff remained in the hospital until October 3, 2021.  Plaintiff had to undergo three bypasses and a valve replacement in his heart.  Plaintiff remained in communication with the Company throughout by email.

11.     On September 30, 2021, Plaintiff again emailed Mr. Morrissey, saying: "Hey Mark, I emailed Mr. Elrod but he didn't get back to me.  Who do I contact about disability?  Had the surgery on Tuesday [September 28] its pretty tough pain is intense.  But this too shall pass. Please let me know at least an email for HR.  Thanks."

12.     On October 10, 2021, Doris Honeycutt of SelectQuote emailed Plaintiff asking him to return his equipment.

13.     No one from SelectQuote ever spoke with Plaintiff about his need for an accommodation or how long he needed to be out to recover from his emergency surgery.

14.     On October 10, 2021, Plaintiff contacted SelectQuote's human resources department asking why he was being asked to return the equipment and inquiring whether he was being terminated.

15.     Without any further communication or dialogue from SelectQuote, on October 11, 2021, SelectQuote's human resources department emailed Plaintiff informing him that his employment was terminated on September 30, 2021.

16.     Later that day, on October 11, 2021, Mr. Elrod emailed Plaintiff that he was fired because, "It simply comes down to the matter of an agent falling outside of our attendance policy (regardless of the unfortunate events that led to that) and the inability of an agent to make up that amount of coursework and training at this time."

## COUNT I

### LAD - Disability Discrimination

17.     Plaintiff repeats and incorporates the facts alleged in the preceding paragraphs.

18.     Plaintiff was disabled due to his medical condition and recovery.

19.     Plaintiff had been satisfactorily performing his essential job functions before his disability and could do so upon his return to work.

20.     Defendant terminated Plaintiff because of his disability.

21.     Defendant's termination of Plaintiff's employment constitutes an adverse employment action.

22.     Defendant's actions constitute discrimination based on Plaintiff's disability that violates the LAD, N.J.S.A. 10:5-1, *et seq*.

23.     Defendant's conduct was willful, malicious and/or especially egregious and done with the knowledge and/or participation of upper-level management.

24.     As a result of Defendant's wrongful conduct, Plaintiff has suffered, and continues to suffer, damages including: back pay, front pay, pain and suffering, physical manifestation of emotional distress, and emotional distress.

<u>**COUNT II**</u>

**LAD – Failure to Accommodate Disability/Interactive Process**

25.     Plaintiff repeats and incorporates the facts alleged in the preceding paragraphs.

26.     Plaintiff had been satisfactorily performing his essential job functions before his disability and could do so with an accommodation.

27.     Plaintiff is disabled due to his medical condition and recovery.

28.     Defendant was aware of Plaintiff's disability.

29.     Defendant did not make a good faith effort to assist Plaintiff in seeking an accommodation.

30.     Defendant refused to provide Plaintiff with a reasonable accommodation including leave from work and instead terminated his employment.

31.     Defendant's actions constitute a failure to accommodate Plaintiff's disability and a failure to engage in the interactive process in violation of the LAD, N.J.S.A. 10:5-1, *et seq*.

32.     Defendant's conduct was willful, malicious and/or especially egregious and done with the knowledge and/or participation of upper-level management.

33.     As a result of Defendant's wrongful conduct, Plaintiff has suffered, and continues to suffer, damages including: back pay, front pay, pain and suffering, physical manifestation of emotional distress, and emotional distress.

## COUNT III

### LAD – Retaliation

34.    Plaintiff repeats and incorporates the facts alleged in the preceding paragraphs.

35.    Plaintiff satisfactorily performed his job with Defendant.

36.    Plaintiff needed and requested to go on disability and leave from work due to his medical condition.

37.    Defendant terminated Plaintiff despite being aware that he was out from work due to his disability and was requesting leave to recover.

38.    Plaintiff requested leave from work and to go on disability benefits to recover from his disability.

39.    In doing so, Plaintiff exercised his rights under the New Jersey Law Against Discrimination.

40.    Defendant retaliated against Plaintiff as a result of his exercise of his rights under the Law Against Discrimination by terminating his employment.

41.    Defendant's retaliatory termination of employment constitutes an adverse employment action by Defendant.

42.    Defendant's actions violate the Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.*

43.    Defendant's conduct was willful, malicious and/or especially egregious and done with the knowledge and/or participation of upper-level management.

44.    As a result of Defendant's wrongful conduct, Plaintiff has suffered, and continues to suffer, damages including: back pay, front pay, and emotional distress.

5

**WHEREFORE**, Plaintiff seeks judgment against Defendant on all counts awarding her compensatory damages, liquidated damages, punitive damages, attorneys' fees, costs of suit, pre- and post-judgment interest, and all other relief that the Court deems equitable and just.

                                                    **CASTRONOVO & McKINNEY, LLC**

Dated: February 18, 2022                    By:_____
                                                    Thomas A. McKinney
                                                    Attorneys for Plaintiff

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

**CASTRONOVO & McKINNEY, LLC**

Dated: February 18, 2022                    By:_____
                                                                Thomas A. McKinney
                                                                Attorneys for Plaintiff

## DESIGNATION OF TRIAL COUNSEL

Plaintiff designates Thomas A. McKinney as trial counsel in this action.

**CASTRONOVO & McKINNEY, LLC**

Dated: February 18, 2022                    By:_____
                                                                Thomas A. McKinney
                                                                Attorneys for Plaintiff

## RULE 4:5-1 CERTIFICATION

I hereby certify that this matter is not the subject of any other pending civil action or arbitration proceeding. I further certify that I know of no other parties who should be joined in this litigation at the present time.

**CASTRONOVO & McKINNEY, LLC**

Dated: February 18, 2022                    By:_____
                                                                Thomas A. McKinney
                                                                Attorneys for Plaintiff

# Civil Case Information Statement

**Case Details: MORRIS | Civil Part Docket# L-000313-22**

**Case Caption:** LEPORE GIOVANNI  VS SELECTQUOTE
INSURANC E SERVIC

**Case Initiation Date:** 02/18/2022

**Attorney Name:** THOMAS A MC KINNEY

**Firm Name:** CASTRONOVO & MCKINNEY,LLC

**Address:** 71 MAPLE AVE
MORRISTOWN NJ 079600000

**Phone:** 9739207888

**Name of Party:** PLAINTIFF : LEPORE, GIOVANNI

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: GIOVANNI LEPORE? NO**

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

02/18/2022
Dated

/s/ THOMAS A MC KINNEY
Signed

MORRIS COUNTY
SUPERIOR COURT
COURT STREET
MORRISTOWN          NJ 07960

                                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (862) 397-5700
COURT HOURS  8:30 AM - 4:30 PM

                          DATE:   FEBRUARY 18, 2022
                          RE:     LEPORE GIOVANNI  VS SELECTQUOTE INSURANC E SERVIC
                          DOCKET: MRS L -000313 22

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON STEPHAN C. HANSBURY

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM       001
AT:  (862) 397-5700 EXT 75347.

      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                          ATTENTION:
                               ATT: THOMAS A. MC KINNEY
                               CASTRONOVO & MCKINNEY,LLC
                               71 MAPLE AVE
                               MORRISTOWN       NJ 07960

ECOURTS

20220224185008

**GIOVANNI LEPORE**

Plaintiff

Superior Court Of New Jersey

**VS**

**MORRIS** Venue

**SELECTQUOTE INSURANCE SERVICES INC, ET AL**

Defendant

Docket Number: MRS L 313 22

**Person to be served (Name and Address):**
SELECTQUOTE INSURANCE SERVICES
FIVE GREENTREE CENTRE ST. STE 104 525 ROUTE 73 NORTH
MARLTON NJ 08053
By serving: REGISTERED AGENTS INC.,

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

**Attorney:** THOMAS A. MCKINNEY, ESQ.

Cost of Service pursuant to R. 4:4-3(c)

**Papers Served:** SUMMONS AND COMPLAINT, CIS, INTERROGATORIES,
REQUEST TO PRODUCE, NOTICE TO PRODUCE, NOTICE TO TAKE
ORAL/VIDEOTAPED DEPOSITION

$ _____.____

**Service Data:**    [X] Served Successfully    [ ] Not Served

Name of Person Served and relationship/title:

Date/Time:    2/28/2022 4:38 PM

**VICTORIA CLARKE**

[ ] Delivered a copy to him/her personally

**MANAGING AGENT**

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

**Description of Person Accepting Service:**

SEX:<u>F</u>    AGE:<u>21-35</u>  HEIGHT: <u>5'4"-5'8"</u>    WEIGHT: <u>100-130 LBS.</u>    SKIN:<u>WHITE</u>    HAIR:<u>BROWN</u>    OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant

[ ] No response on:    Date/Time: _____
                      Date/Time: _____
                      Date/Time: _____

**Other:**

**To Be Used Where Electronic Signature Not Available**
**Served Data:**
Subscribed and Sworn to me this

_____ day of _____, 20 _____

Notary Signature:_____

_____    _____
Name of Notary            Commission Expiration

**Docusign Court Approved E-Signature**

I, <u>THOMAS MORAGHAN</u>,
was at the time of service a competent adult, over the age of 18 and
not having direct interest in the litigation. I declare under penalty of
perjury that the foregoing is true and correct.
*THOMAS MORAGHAN*

_____    02/28/2022
Signature of Process Server     Date

Name of Private Server: <u>THOMAS MORAGHAN</u>  Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

GIOVANNI LEPORE

**Plaintiff**

VS

SELECTQUOTE INSURANCE SERVICES INC, ET AL

**Defendant**

| 20220224185158

Superior Court Of New Jersey

**MORRIS** Venue

Docket Number: MRS L 313 22

**Person to be served** (Name and Address):
SELECTQUOTE AUTO & HOME INSURANCE SERVICES LLC.
FIVE GREENTREE CENTRE ST. STE 104 525 ROUTE 73 NORTH
MARLTON NJ 08053
**By serving:** REGISTERED AGENTS INC.

**Attorney:** THOMAS A. MCKINNEY, ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, CIS, INTERROGATORIES,
REQUEST TO PRODUCE, NOTICE TO PRODUCE, NOTICE TO TAKE
ORAL/VIDEOTAPED DEPOSITION

**Service Data:**      [X] Served Successfully          [ ] Not Served

Date/Time:      2/28/2022 4:38 PM

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing
therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent,
registered agent, etc. (indicate name & official title at right)

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

Name of Person Served and relationship/title:

VICTORIA CLARKE

MANAGING AGENT

**Description of Person Accepting Service:**

SEX:F__  AGE:21-35  HEIGHT:5'4"-5'8"    WEIGHT: 100-130 LBS.____    SKIN:WHITE____    HAIR:BROWN__  OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:          Date/Time: _____
                              Date/Time: _____
                              Date/Time: _____

Other:

**To Be Used Where Electronic Signature Not Available**
**Served Data:**
Subscribed and Sworn to me this

_____day of _____, 20 _____

Notary Signature:_____

_____  _____
    Name of Notary        Commission Expiration

**Docusign Court Approved E-Signature**

I, THOMAS MORAGHAN,
was at the time of service a competent adult, over the age of 18 and
not having direct interest in the litigation. I declare under penalty of
perjury that the foregoing is true and correct.

*THOMAS MORAGHAN*

8CE02E6DE8704A1...
Signature of Process Server

02/28/2022
Date

Name of Private Server: THOMAS MORAGHAN  Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

GIOVANNI LEPORE

**Plaintiff**

VS

SELECTQUOTE INSURANCE SERVICES INC, ET AL

**Defendant**

**20220224184249**

Superior Court Of New Jersey

**MORRIS Venue**

Docket Number: MRS L 313 22

**Person to be served (Name and Address):**
SELECTQUOTE INC,
FIVE GREENTREE CENTRE ST. STE 104 525 ROUTE 73 NORTH
MARLTON NJ 08053
**By serving:** REGISTERED AGENTS INC.

**Attorney:** THOMAS A. MCKINNEY, ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, CIS, INTERROGATORIES,
REQUEST TO PRODUCE, NOTICE TO PRODUCE, NOTICE TO TAKE
ORAL/VIDEOTAPED DEPOSITION

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

| **Service Data:** | [X] Served Successfully | [ ] Not Served |
| --- | --- | --- |

Date/Time:      2/28/2022 4:35 PM

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing
therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent,
registered agent, etc. (indicate name & official title at right)

Name of Person Served and relationship/title:

VICTORIA CLARKE

MANAGING AGENT

**Description of Person Accepting Service:**

SEX:__F__   AGE: 21-35  HEIGHT: 5'4"-5'8"    WEIGHT: 100-130 LBS.    SKIN: WHITE     HAIR: BROWN   · OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant

[ ] No response on:      Date/Time: _____
                         Date/Time: _____
                         Date/Time: _____

Other:

**To Be Used Where Electronic Signature Not Available**
**Served Data:**
Subscribed and Sworn to me this

_____day of _____, 20 _____

Notary Signature:_____

_____   _____
      Name of Notary          Commission Expiration

**Docusign Court Approved E-Signature**

I, THOMAS MORAGHAN,
was at the time of service a competent adult, over the age of 18 and
not having direct interest in the litigation. I declare under penalty of
perjury that the foregoing is true and correct.
*THOMAS MORAGHAN*

────────────────────                02/28/2022
Signature of Process Server              Date

Name of Private Server: THOMAS MORAGHAN  Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

# EXHIBIT B

## Business Entity Search

**Date:** 02/22/2022

Be advised the business information on this page is for summary informational purposes only. It is not an official filing with the Secretary of State's office and should not be relied on as such. Please view actual documents filed by customers with the secretary of State's office to ensure accurate information. When filing a Uniform Commercial Code statement on an entity, consult with your attorney to ensure the correct debtor name.

## Business Summary

**Current Entity Name**

SELECTQUOTE INSURANCE SERVICES

**Business Entity ID Number**

4736534

Current Mailing Address: Taylor Shepard - 6800 W. 115TH STREET SUITE 2511, OVERLAND PARK, KS 66211

Business Entity Type: FOREIGN FOR PROFIT

Date of Formation in Kansas: 07/24/2013

State of Organization: CA

Current Status: ACTIVE AND IN GOOD STANDING

### Resident Agent and Registered Office

**Resident Agent:** REGISTERED AGENTS INC.

**Registered Office:** 4601 E Douglas Ave STE 150, WICHITA, KS 67218

### Annual Reports

The following annual report information is valid for active and delinquent status entities only.

Tax Closing Month: 06

The Last Annual Report on File: 06/2021

**Next Annual Report Due:** 10/15/2022

**Forfeiture Date:** 01/15/2023

# EXHIBIT C

# Business Entity Search

**Date:** 02/22/2022

Be advised the business information on this page is for summary informational purposes only. It is not an official filing with the Secretary of State's office and should not be relied on as such. Please view actual documents filed by customers with the secretary of State's office to ensure accurate information. When filing a Uniform Commercial Code statement on an entity, consult with your attorney to ensure the correct debtor name.

## Business Summary

**Current Entity Name**

SELECTQUOTE, INC.

**Business Entity ID Number**

4741807

Current Mailing Address: Taylor Shepard - 6800 W. 115TH STREET SUITE 2511, OVERLAND PARK, KS 66211

Business Entity Type: FOREIGN FOR PROFIT

Date of Formation in Kansas: 08/13/2013

State of Organization: DE

Current Status: ACTIVE AND IN GOOD STANDING

### Resident Agent and Registered Office

**Resident Agent:** REGISTERED AGENTS INC.

**Registered Office:** 4601 E Douglas Ave STE 150, WICHITA, KS 67218

### Annual Reports

The following annual report information is valid for active and delinquent status entities only.

Tax Closing Month: 06

The Last Annual Report on File: 06/2021

**Next Annual Report Due:** 10/15/2022

**Forfeiture Date:** 01/15/2023

# EXHIBIT D

# Business Entity Search

**Date:** 02/22/2022

Be advised the business information on this page is for summary informational purposes only. It is not an official filing with the Secretary of State's office and should not be relied on as such. Please view actual documents filed by customers with the secretary of State's office to ensure accurate information. When filing a Uniform Commercial Code statement on an entity, consult with your attorney to ensure the correct debtor name.

## Business Summary

**Current Entity Name**

SELECTQUOTE AUTO & HOME INSURANCE SERVICES, LLC

**Business Entity ID Number**

4768875

Current Mailing Address: Taylor Shepard - 6800 W 115th St Suite 2511, Overland Park, KS 66211

Business Entity Type: FOREIGN LTD LIABILITY COMPANY

Date of Formation in Kansas: 11/21/2013

State of Organization: DE

Current Status: ACTIVE AND IN GOOD STANDING

### Resident Agent and Registered Office

**Resident Agent:** REGISTERED AGENTS INC.

**Registered Office:** 4601 E Douglas Ave Ste 150, WICHITA, KS 67218

### Annual Reports

The following annual report information is valid for active and delinquent status entities only.

Tax Closing Month: 06

The Last Annual Report on File: 06/2021

**Next Annual Report Due:** 10/15/2022

**Forfeiture Date:** 01/15/2023

# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| GIOVANNI LEPORE,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>SELECTQUOTE INSURANCE<br>SERVICES, INC., SELECTQUOTE<br>AUTO & HOME INSURANCE<br>SERVICES, LLC, and SELECTQUOTE, INC.,<br>　　　　　　Defendants. | Civil Action No.　2:22-cv-1753<br><br>**DECLARATION OF DEANNE GASH**<br><br>**Electronically Filed** |

I, Deanne Gash, make the following statement under penalty of perjury:

1.　I am employed by Defendant SelectQuote Insurance Services, Inc. as Director,

Human Resources Operations.  I have personal knowledge of the following facts, and if called to

testify, could and would competently testify to the below.  I make this declaration in support of

Defendants SelectQuote Insurance Services, Inc., SelectQuote Auto & Home Insurance Services,

LLC, and SelectQuote, Inc.'s (collectively "Defendants") Notice to Federal Court of Removal

under 28 U. C. §§ 1332, 1441 and 1446.

2.　In my current position as Director, Human Resources Operations, I am readily familiar with

the location of Defendants' business operations.  I have access to records and reports related to

Defendants' day-to-day business operations and corporate structures, as well as information

concerning its employees and members.

3.　SelectQuote Insurance Services, Inc. is a corporation incorporated in California and

maintains its principal place of business in Overland Park, Kansas.

DocuSign Envelope ID: 9BF0CCDF-5E8C-422E-A8E0-66AE19EE8CDC

4.   SelectQuote, Inc. is a corporation incorporated in Delaware and maintains its principal place of business in Overland Park, Kansas.

5.   SelectQuote Auto & Home Insurance Services, LLC is a limited liability company incorporated in Delaware and maintains its principal place of business in Overland Park, Kansas. SelectQuote, Inc. is its sole member.

6.   Thus, SelectQuote Auto & Home Insurance Services, LLC is not a citizen of New Jersey, but rather, is a citizen of Delaware and Kansas.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this____ day of March ___24th___, 2022

By:_____
Deanne Gash, Director, Human Resources Operations

# EXHIBIT F

Ivan R. Novich (N.J. Bar No. 038311996)
Jonathan M. Carrillo (N.J. Bar No. 032272012)
**LITTLER MENDELSON, P.C.**
One Newark Center, 8th Floor
Newark, NJ  07102
973.848.4700
*Attorneys for Defendants*
*SelectQuote Insurance Services, Inc.,*
*SelectQuote Auto & Home Insurance*
*Services, LLC, and SelectQuote, Inc.*

| | |
|---|---|
| GIOVANNI LEPORE,<br><br>Plaintiff,<br><br>vs.<br><br>SELECTQUOTE INSURANCE SERVICES, INC., SELECTQUOTE AUTO & HOME INSURANCE SERVICES, LLC, and SELECTQUOTE, INC.,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MORRIS COUNTY<br><br>DOCKET NO. MRS-L-000313-22<br><br>**NOTICE OF FILING OF NOTICE OF REMOVAL** |

**TO:**    Deputy Clerk of the Superior Court
         Morris County Courthouse
         Washington and Court streets
         Morristown, NJ 07963-0910

**SIR OR MADAM:**

    **PLEASE TAKE NOTICE** that, under to 28 U.S.C. §§ 1441 and 1446, Defendants

SelectQuote Insurance Services, Inc., SelectQuote Auto & Home Insurance Services, LLC, and

SelectQuote, Inc. (collectively "Defendants") have filed a Notice of Removal of the above-

captioned action in the United States District Court for the District of New Jersey.

    Attached and incorporated as **Exhibit A** is a copy of the Notice of Removal of this case.

Upon filing of this Notice of Filing of Notice of Removal, Defendants shall give written notice

thereof to Thomas A. McKinney, Esq., Castronovo & McKinney, LLC, 71 Maple Avenue, Morristown, NJ 07960, attorneys for Plaintiff Giovanni Lepore.

Under 28 U.S.C. §1446(d), the filing of the Notice of Removal in the United States District Court for the District of New Jersey, together with the filing of a copy of the Notice of Removal with this Court, effects the removal of this action, and this Court may proceed no further unless and until the action is remanded.

**LITTLER MENDELSON, P.C.**

By: ___*/s/ Ivan R. Novich*___
Ivan R. Novich
Jonathan M. Carrillo
*Attorneys for Defendants*
*SelectQuote Insurance Services,*
*Inc., SelectQuote Auto & Home*
*Insurance Services, LLC, and*
*SelectQuote, Inc.*

Dated: March 29, 2022

## **<u>CERTIFICATION OF SERVICE</u>**

I, Ivan R. Novich, certify that on this date I caused a copy of this Notice of Filing of Notice of Removal (with a copy of the Notice of Removal attached) to be served via email and Federal Express, on Thomas A. McKinney, Esq., Castronovo & McKinney, LLC, 71 Maple Avenue, Morristown, NJ 07960, attorneys for Plaintiff Giovanni Lepore.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

By: ___*/s/ Ivan R. Novich*_____
Ivan R. Novich

Dated: March 29, 2022

4876-4458-5237.1 / 082037-1049

# EXHIBIT G

Ivan R. Novich (N.J. Bar No. 038311996)
Jonathan M. Carrillo (N.J. Bar No. 032272012)
**LITTLER MENDELSON, P.C.**
One Newark Center, 8th Floor
Newark, NJ  07102
973.848.4700
*Attorneys for Defendants*
*SelectQuote Insurance Services, Inc.,*
*SelectQuote Auto & Home Insurance*
*Services, LLC, and SelectQuote, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| GIOVANNI LEPORE,<br><br>               Plaintiff,<br><br>vs.<br><br>SELECTQUOTE INSURANCE<br>SERVICES, INC., SELECTQUOTE<br>AUTO & HOME INSURANCE<br>SERVICES, LLC, and SELECTQUOTE, INC.,<br>               Defendants. | Civil Action No.  2:22-cv-1753<br><br>**NOTICE TO ADVERSE PARTY OF FILING<br>OF NOTICE OF REMOVAL**<br><br>**<u>Electronically Filed</u>** |

**TO:** **Thomas A. McKinney, Esq.**
**Castronovo & McKinney, LLC**
**71 Maple Avenue**
**Morristown, NJ 07960**
**Attorneys for Plaintiff Giovanni Lepore**

**PLEASE TAKE NOTICE** that Defendants SelectQuote Insurance Services, Inc.,

SelectQuote Auto & Home Insurance Services, LLC, and SelectQuote, Inc. (collectively

"Defendants") in the action filed in the New Jersey Superior Court, Law Division, Morris County,

bearing Docket No. MRS-L-000313-22, have filed a Notice of Removal to the United States

District Court for the District of New Jersey on this March 28, 2022 pursuant to 28 U.S.C. §§1441

and 1446.

A copy of such Notice of Removal is attached hereto.

**LITTLER MENDELSON, P.C.**
Attorneys for Defendants


By:___/s/ *Ivan R. Novich*_____
        Ivan R. Novich
        Jonathan M. Carrillo

Dated:  March 29, 2022

4866-2779-4453.1 / 082037-1049