NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GIOVANNI LEPORE,<br><br>              Plaintiff,<br><br>    v.<br><br>SELECTQUOTE INSURANCE SERVICES,<br>INC. et al.,<br><br>              Defendants. | Civil Action No.: 22-1753<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court by way of defendants Selectquote Insurance Services, Inc., Selectquote Auto & Home Insurance Services, LLC, and Selectquote, Inc.'s (collectively, "Defendants") motion to compel arbitration and dismiss or stay the action. ECF No. 11. Plaintiff filed an opposition (ECF No. 13), and Defendants replied (ECF No. 14). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendant's motion is denied, and the parties are ordered to conduct limited discovery on the issue of arbitrability.

## I.    <u>BACKGROUND</u>[1]

This matter arises out of an employment dispute wherein Plaintiff alleges Defendants wrongfully terminated Plaintiff's employment due to a disability. Specifically, Plaintiff alleges that he began working for Defendants as an insurance agent on or about September 7, 2021. ECF No. 1, Exhibit A at ¶ 3. Approximately two weeks later, on September 24, 2021, Plaintiff began to experience chest pain, and informed his supervisor, Mark Morrissey ("Morrissey"), of his

---

[1] The following facts are accepted as true for the purposes of the motion to dismiss.

discomfort. *Id.* at ¶¶ 4–5. Thereafter, an ambulance was called, and Plaintiff was taken to an emergency room, where he was admitted. *Id.* at ¶ 6.

Upon being admitted, Plaintiff purportedly alerted Morrissey via email that he was in the hospital. *Id.* at ¶¶ 6–7. Plaintiff alleges that Morrissey replied to Plaintiff's email. *Id.* at ¶ 8. In his reply, Morrissey allegedly acknowledged Plaintiff's health situation and directed Plaintiff to inform a different supervisor, Brent Elrod ("Elrod"), who was also copied on the email, of the situation. *Id.* Plaintiff alleges that Morrissey further instructed him to "[p]lease just continue to communicate with us on this." *Id.* Plaintiff claims that he emailed Elrod as Morrissey directed, but Plaintiff received no response. *Id.* at ¶ 9.

Plaintiff was allegedly hospitalized until October 3, 2021, and, during his stay, underwent "three bypasses and a valve replacement in his heart." *Id.* at ¶ 10. Despite his condition, Plaintiff claims he remained in communication with his employers. *Id.* For example, Plaintiff contends that, on September 30, 2021, Plaintiff emailed Morrissey the following:

> Hey Mark, I emailed [Elrod] but he didn't get back to me. Who do I contact about disability? Had the surgery on Tuesday [September 28] its pretty tough pain is intense. But this too shall pass. Please let me know at least an email for HR. Thanks.

*Id.* at ¶ 11.

On October 10, 2021, a representative from Defendants contacted Plaintiff, and instructed him to return his company-owned equipment, (*id.* at ¶ 12), and one day later, on October 11, Defendants' department of human resources emailed Plaintiff, informing him that he had been terminated, effective September 30, 2021 (*id.* at ¶ 15). Further, Plaintiff contends that later on October 11, Elrod emailed Plaintiff to explain that he was terminated for violating Defendants' attendance policy for new hires, "regardless of the unfortunate events that led" to the violation. *Id.* at ¶ 16. Plaintiff alleges that, despite keeping Defendants informed of his condition, no

representative from Defendants ever inquired regarding his medical condition or need for possible accommodation. *Id*. at ¶ 13.

On February 18, 2022, Plaintiff filed this action in the Superior Court of New Jersey, Law Division (No. MRS-L-000313-22), alleging that Defendants improperly discriminated against him on the basis of a disability when Defendants terminated Plaintiff's employment due to his heart condition. In his Complaint, Plaintiff brings three causes of action: 1) disability discrimination in violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. §§ 10:5-1., *et seq.*; 2) failure to accommodate a disability in violation of the NJLAD, §§ 10:5-1., *et seq.*; and 3) retaliation in violation of the NJLAD §§ 10:5-1., *et seq.*

Defendants timely removed the matter to this Court on March 29, 2022, pursuant 28 U.S.C. §§ 1332 and 1446. ECF No. 1. Thereafter, on April 26, 2022, Defendants filed a motion to compel arbitration and dismiss or stay the action. ECF No. 11. Defendants assert that arbitration is appropriate because, among other things, Plaintiff's employment contract with Defendant contains a valid, enforceable arbitration clause, which covers the claims asserted in Plaintiff's Complaint. *Id.* at 10–16. In opposition, filed on May 23, 2022, Plaintiff contends first that the arbitration agreement is invalid because it fails to clearly and unambiguously state that, by agreeing to arbitration, Plaintiff waived his right to seek relief in court. ECF No. 13 at 5–10. Second, Plaintiff argues that the arbitration agreement does not pertain to Plaintiffs claims. *Id.* at 10–13. Thereafter, Defendants replied on May 31, 2022. ECF No. 14.

## II.   <u>LEGAL STANDARD</u>

The Federal Arbitration Act ("FAA") reflects the strong federal policy in favor of arbitration and "places arbitration agreements on equal footing with all other contracts.'" *Bacon v. Avis Budget Grp., Inc.*, 959 F.3d 590, 599 (3d Cir. 2020) (quoting *Buckeye Check Cashing, Inc. v.*

*Cardegna*, 546 U.S. 440, 443 (2006)).  Pursuant to the FAA, courts "compel arbitration of claims covered by a written, enforceable arbitration agreement." *Bacon*, 959 F.3d at 599 (citing FAA, 9 U.S.C. §§ 3, 4).  Yet despite the strong presumption of arbitrability, "[a]rbitration is strictly a matter of contract" and is thus governed by state law. *Bel-Ray Co. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 441, 444 (3d Cir. 1999) ("If a party has not agreed to arbitrate, the courts have no authority to mandate that he do so.").  Accordingly, when deciding whether to compel arbitration under the FAA, the Court must determine "(1) whether there is a valid agreement to arbitrate between the parties and, if so, (2) whether the merits-based dispute in question falls within the scope of that valid agreement." *Flintkote Co. v. Aviva PLC*, 769 F.3d 215, 220 (3d Cir. 2014) (citation omitted). In conducting this inquiry, the Court applies state law principles of contract formation. *Torres v. Rushmore Serv. Ctr., LLC*, No. 18-9236, 2018 WL 5669175, at *2 (D.N.J. Oct. 31, 2018).

## III.    DISCUSSION

In determining whether a valid arbitration agreement exists between the parties, the Court must first decide whether to apply the Rule 12(b)(6) or Rule 56 standard of review. *Sanford v. Bracewell & Guiliani, LLP*, 618 F. App'x 114, 117 (3d Cir. 2015). The Court will review a motion to compel arbitration under the Rule 12(b)(6) standard "when it is apparent, based on 'the face of a complaint, and documents relied upon in the complaint,' that certain of a party's claims 'are subject to an enforceable arbitration clause . . . .'" *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 776 (3d Cir. 2013) (citation omitted); *see also MZM Construction Co., Inc. v. N.J. Building Laborers Statewide Benefits Fund*, Nos. 18-3791 & 19-3102, 2020 WL 5509703, at *14 (3d Cir. Sept. 14, 2020).

Conversely, the Rule 56 standard will apply "when either 'the motion to compel arbitration does not have as its predicate a complaint with the requisite clarity' to establish on its face that the

parties agreed to arbitrate, or the opposing party has come forth with reliable evidence that is more than a 'naked assertion . . . that it did not intend to be bound' by the arbitration agreement, even though on the face of the pleadings it appears that it did." *Guidotti*, 716 F.3d at 774 (citations omitted); *see Noonan v. Comcast Corp.*, No. 16-458, 2017 WL 4799795, at *4 (D.N.J. Oct. 24, 2017) ("[Thus], a Rule 12(b)(6) standard is not appropriate because the motion cannot be resolved without consideration of evidence outside the pleadings, and, if necessary, further development of the factual record."). Accordingly, "the non-movant must be given a limited opportunity to conduct discovery on the narrow issue of whether an arbitration agreement exists." *Ross v. CACH, LLC*, No. 14-6321, 2015 WL 1499282, at *2 (D.N.J. Apr. 1, 2015); *see also Guidotti*, 716 F.3d at 774–76 ("Under the first scenario, arbitrability not being apparent on the face of the complaint, the motion to compel arbitration must be denied pending further development of the factual record . . . . Under either of those scenarios, a 'restricted inquiry into factual issues' will be necessary to properly evaluate whether there was a meeting of the minds on the agreement to arbitrate."). "After limited discovery, the court may entertain a renewed motion to compel arbitration, this time judging the motion under [the Rule 56] summary judgment standard." *Guidotti*, 716 F.3d at 776.

Here, Plaintiff's Complaint makes no reference to his employment contract with Defendants or the contract's arbitration provision. Moreover, the employment contract is not attached to the Complaint as an exhibit. Instead, it is cited and entered into the record for the first time in Defendant's motion. However, on a motion to compel arbitration the Court may only consider "the face of a complaint and documents relied upon in the complaint." *See Guidotti*, 716 F.3d at 774. Thus, the Court cannot rely on Defendant's submission as the proper vehicle through which to analyze the validity and enforceability of the arbitration agreement. Stated otherwise, the question of arbitrability cannot be resolved without considering the employment contract, which is

evidence extraneous to the pleadings, and thus it would be inappropriate to apply the Rule 12(b)(6) in deciding this motion. *See id.*

As the Third Circuit has explained, a "motion to compel arbitration must be denied pending further development of the factual record," in scenarios such as this one. *Id.*; *see, e.g.*, *Torres*, 2018 WL 5669175, at *2 (denying motion to compel arbitration where the agreement, arbitration provision, and class action waiver were not referenced in the complaint and raised for the first time in the defendant's motion); *Sauberman v. Avis Rent a Car Sys., L.L.C.*, No. 17-756, 2017 WL 2312359, at *2 (D.N.J. May 26, 2017) (denying motion to compel arbitration and ordering limited discovery where the complaint did not establish on its face that the parties agreed to arbitrate). Accordingly, the Court will deny Defendant's motion without prejudice and will order the parties to conduct limited discovery on the issue of arbitrability.  Thereafter, Defendant may file a renewed motion to compel arbitration, which the Court will review under the Rule 56 standard.

## IV.   **CONCLUSION**

For the reasons set forth above, Defendant's motion to compel arbitration is denied pending further factual development of the record.

Accordingly, **IT IS** on this 21st day of November, 2022;

**ORDERED** that Defendants' motion to compel arbitration (ECF No. 11) is **DENIED**; and it is further

**ORDERED** that the parties shall conduct limited expedited discovery on the issue of arbitrability.

**SO ORDERED**.

s/ Claire C. Cecchi

**CLAIRE C. CECCHI, U.S.D.J.**

6